UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 12-61151-Civ-SCOLA

WILLIAM L. TAYLOR,

    Plaintiff,

vs.

GAZOLIO, INC. and EVAGELIA
GLARETINZOS REVOCABLE
LIVING TRUST,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

Plaintiff filed suit against Defendants for injunctive relief under the American with Disabilities Act ("the ADA") alleging that the Defendants' gas station and food mart located at 1554 South Federal Highway, Dania Beach, FL 33004 does not comply with the ADA. Compl. ¶ 1. The complaint alleges that Defendant Gazolio, Inc. is a Florida corporation that operates the gas station and food mart, and that Defendant Evagelia Glaretinzos Revocable Living Trust ("the Living Trust") owns the real property on which the gas station and food mart is located. Compl. ¶¶ 6-7. The Plaintiff pleads that he is a customer of the gas station and food mart, and has been discriminated by the Defendants' failure to operate the facility in compliance with the ADA. Compl. ¶¶ 15-18. The complaint alleges that, at a minimum, the parking lot and restrooms are not currently operated in compliance with the ADA. Compl. ¶¶ 18-19.

The Defendants each filed motions to dismiss under Fed. R. Civ. P. 12(b) on the basis that Gazolio Inc. does not own or operate the gas station and food mart, and that the Living Trust does not operate the gas station and food mart. Although the motions only state they are brought pursuant to 12(b), the Court construes them as motions to dismiss for lack of subject matter jurisdiction pursuant to 12(b)(1) based on their content.

I.    LEGAL STANDARD

A motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) can be made in one of two ways: a facial attack or a factual attack.

> "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion - the court must consider the allegations of the complaint to be true. But when the attack is factual, 'the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction - its very power to hear the case - there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'"

*Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)(quoting *Williamson v. Tucker,* 645 F.2d 404, 412 (5th Cir. 1981).

"When a defendant makes a factual attack, he is challenging the accuracy of the allegations, not their sufficiency." *Norkunas v. Seahorse NB, LLC*, 720 F. Supp. 2d 1313, 1314 (M.D. Fla. 2010). "Given the importance of subject matter jurisdiction and the fact that a rule 12(b)(1) motion allows the defendant to attack the truth and sufficiency of the matters alleged as well as the formal sufficiency of the complaint, tricky questions of jurisdictional discovery arise." *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982). "[D]ismissal for lack of subject matter jurisdiction prior to trial, and certainly prior to giving the plaintiff ample opportunity for discovery, should be granted sparingly." *Chatham Condo. Assoc. v. Century Vill., Inc.,* 597 F.2d 1002, 1012 (5th Cir. 1979).

II.     ANALYSIS AND CONTROLLING AUTHORITY

The Defendants' motions to dismiss raise factual challenges as to whether this Court has subject matter jurisdiction over the Plaintiff's complaint. The Defendants challenge the accuracy of the complaint's allegations that Gazolio is the operator of the gas station and food mart and that the Living Trust owns the property on which this facility is located. In a factual attack under 12(b)(1), "matters outside the pleadings, such as testimony and affidavits are considered." *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). The Defendants have not filed any affidavits or exhibits supporting their factual challenges to the Plaintiff's complaint. The Living Trust filed an exhibit labeled "Order on Motion to Sell Non-Homestead Property" which identifies a property located at 1040 South Federal Highway, Dania, FL 33304. This is not the property at issue in the Plaintiff's complaint, and thus the exhibit does not support the Living Trust's factual challenge to the court's jurisdiction. The Plaintiff has filed some exhibits in opposition to the Defendants' motions to

dismiss, but these exhibits consist of screen shots of various websites believed by the Plaintiff to prove the legal relationship between the Defendants and the gas station and food mart. Thus, a factual dispute exists regarding whether the Defendants actually operate the allegedly non-compliant facility or own the property on which the facility sits.

Although the Court has the discretion to weigh for itself the evidence submitted by the parties, "[t]he rules entitle a plaintiff to elicit material facts regarding jurisdiction through discovery before a claim may be dismissed for lack of jurisdiction." *Blanco v. Carigulf Lines*, 632 F.2d 656, 658 (5th Cir. 1980). *See also*, *Rance v. D.R. Horton, Inc.*, 316 Fed. App'x 860, 862 (11th Cir. 2008)(quoting *Williamson*, 645 F.2d at 414)("In a factual challenge, the district court must provide the plaintiff with an opportunity for discovery and for a hearing that 'is appropriate to the nature of the motion to dismiss.'") "[F]ederal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *Eaton*, 692 F.2d at 729. "[A] [p]laintiff must be given an opportunity to develop facts sufficient to support a determination on the issue of jurisdiction." *Id.* at 731. "It is well-accepted that a qualified right to jurisdictional discovery exists." *Mother Doe I v. Al Maktoum*, 632 F. Supp. 2d 1130, 1144 (S.D. Fla. 2007). Accordingly, the Plaintiff is entitled to limited discovery on the facts supporting this Court's subject matter jurisdiction before this Court can dismiss this action on this basis.

On June 13, 2012, the Court ordered the parties to file a joint discovery plan and conference report within twenty one days after the response of a Defendant in this matter (ECF No. 5). The Defendants filed their motions to dismiss in response to the Complaint on July 9, 2012, thus the joint discovery plan and conference report was due by **July 30, 2012**. The parties have not filed such a report and the record does not reflect whether the parties have begun discovery.

III. CONCLUSION

THIS MATTER is before the Court upon the Defendants' Motions to Dismiss (ECF No. 9 and 10) both filed on July 9, 2012. The Court has reviewed the Motions, the response, and the relevant legal authorities, and for the reasons set forth below, it is **ORDERED and ADJUDGED** as follows:

(1) The parties shall file their joint discovery plan and conference report by **September 5, 2012**.

(2) The Plaintiff shall conduct limited discovery of facts necessary to determine whether this Court has jurisdiction over this action; namely, whether the Defendants are the proper parties to this action. This discovery is to be completed by **September 24, 2012**.

(3) The Defendants' Motions to Dismiss (ECF No. 9 and 10) are **DENIED** with leave to re-new after the Plaintiff has conducted limited discovery on the facts supporting this Court's subject matter jurisdiction over this action.

**DONE and ORDERED** in chambers, at Miami, Florida, on August 24, 2012.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

Copies to:
*Counsel of record*